PAUL L. REIN, Esq. (SBN 43053)
JULIE A. OSTIL, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Tel: (510) 832-5001
Fax: (510) 832-4787

Attorneys for Plaintiff:
CHERYL SMITH

JAMES A. SARRAIL, Esq. (SBN 43075)
IVANKA F. ACKBARI, Esq. (SBN 83123)
SARRAIL, LYNCH & HALL LLP
700 Airport Blvd., Ste. 420
Burlingame, CA 94010
Tel: (650) 685-9200
Fax: (650) 685-9206

Attorneys for Defendants:
BANCHERO'S ITALIAN DINNERS, INC.
JOHN S. BANCHERO

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>BANCHERO'S ITALIAN DINNERS, INC.; JOHN S. BANCHERO; and DOES 1-25, Inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. C-06-6358 WHA<br>Civil Rights<br><br>**CONSENT DECREE AND [PROPOSED] ORDER** |

**CONSENT DECREE AND ORDER**

1. Plaintiff CHERYL SMITH filed a Complaint in this action on October 11, 2006, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, BANCHERO'S ITALIAN DINNERS, INC.; JOHN S. BANCHERO; and DOES 1-25, Inclusive. Plaintiff has alleged that

1. Defendants violated Title III of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 19955 *et seq.*, of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Banchero's Italian Restaurant located at 20102 Mission Blvd., Hayward, California, when plaintiff visited the subject facility on July 26, 2006.

2. Defendants BANCHERO'S ITALIAN DINNERS, INC. and JOHN S. BANCHERO ("Defendants") deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3. The parties to this consent decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this consent decree, without admitting any liability, agree to entry of this Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims for injunctive relief.

WHEREFORE, the parties to this consent decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-6358 WHA — 2 —

Plaintiffs claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6. The parties agree and stipulate that the corrective work will be performed by Banchero's Italian Dinners, Inc. and will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent and Order:

a) <u>Remedial Measures</u>: The injunctive relief agreed upon by the Parties is attached as **Attachment A** to this Consent Decree, the Allco Engineering Report, which is incorporated herein by reference as if fully set forth in this document. Banchero's Italian Dinners, Inc. agrees to undertake all remedial work and remove all barriers set forth in **Attachment A**. Banchero's Italian Dinners, Inc. will additionally provide 10% of the restaurant seating at fully accessible tables.

b) <u>Timing of Injunctive Relief</u>: Defendants will submit plans for all corrective work to the appropriate building department within 45 days of entry of this consent decree and order by the court, will commence work within 45 days of receiving approval from the building department, and will complete work within 45 days of commencement. For corrective work not requiring building permits, defendants shall complete the work within 60 days of the entry of this consent decree and order by the court. In the event that unforeseen difficulties prevent defendants from completing any of the agreed-upon injunctive relief, defendants or their counsel will notify plaintiffs counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify plaintiffs counsel when the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this consent decree, and each 120 days thereafter until all work has been completed.

**DAMAGES AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS**:

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-6358 WHA        — 3 —

7. The parties have not yet reached agreement as to plaintiff's claims for damages and attorney fees, litigation expenses and costs, and these issues shall be the subject of further negotiation, litigation, and/or motions to the court.

**ENTIRE CONSENT ORDER**:

8. This Consent Order and Attachment A to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Order, shall be enforceable regarding the matters of injunctive relief described herein. This consent decree applies to plaintiff's claims for injunctive relief only.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

9. This Consent Order shall be binding on Plaintiff CHERYL SMITH, Defendants, BANCHERO'S ITALIAN DINNERS, INC.; JOHN S. BANCHERO; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Order during the period of the Court's jurisdiction of this consent decree.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-6358 WHA — 4 —

Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of plaintiff's claims for damages, attorney fees, litigation expenses and costs.

11. Except for all obligations required in this Consent Decree, and exclusive of the referenced continuing claims for damages, statutory attorney fees, litigation expenses and costs, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

**TERM OF THE CONSENT ORDER**:

12. This Consent Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order until the injunctive relief contemplated by this Order is completed. Within fifteen (15) days after notice of said work is completed, Plaintiff shall dismiss this action with prejudice.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-6358 WHA — 5 —

**SEVERABILITY**:

13.    If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES**:

14.    Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: July __, 2007

_____
Plaintiff CHERYL SMITH

Dated: July __, 2007

_____
Defendant BANCHERO'S ITALIAN DINNERS, INC.

Dated: July __, 2007

_____
Defendant JOHN S. BANCHERO

APPROVED AS TO FORM:

Dated: July __, 2007

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
CHERYL SMITH

///

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-6358 WHA                — 6 —

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: July 5, 2007

*/s/ Cheryl Smith*
Plaintiff CHERYL SMITH

Dated: July __, 2007

Defendant BANCHERO'S ITALIAN DINNERS, INC.

Dated: July __, 2007

Defendant JOHN S. BANCHERO

APPROVED AS TO FORM:

Dated: July 5, 2007

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

*/s/ Julie Ostil*
Attorneys for Plaintiff
CHERYL SMITH

///

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-6358 WHA

— 6 —

## SEVERABILITY:

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

## SIGNATORIES BIND PARTIES:

14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: July ___, 2007

_____
Plaintiff CHERYL SMITH

Dated: July ___, 2007

*Banchero's Italian Dinners/John S Banchero*
Defendant BANCHEROS ITALIAN DINNERS, INC.

Dated: July ___, 2007

*John S. Banchero*
Defendant JOHN S. BANCHERO

APPROVED AS TO FORM:

Dated: July ___, 2007

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
CHERYL SMITH

///

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-6358 WHA                  - 6 -

Dated: July 27, 2007

JAMES A. SARRAIL
IVANKA F. ACKBARI
SARRAIL, LYNCH & HALL, LLP

[signatures]

Attorneys for Defendants
BANCHERO'S ITALIAN DINNERS; JOHN S. BANCHERO

## ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: _____

_____
HON. WILLIAM H. ALSUP
U.S. DISTRICT JUDGE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-6358 WHA

— 7 —

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Dated: July ___, 2007

JAMES A. SARRAIL
IVANKA F. ACKBARI
SARRAIL, LYNCH & HALL, LLP

_____
Attorneys for Defendants
BANCHERO'S ITALIAN DINNERS; JOHN S. BANCHERO

### ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated: August 3, 2007.

*[Seal of United States District Court, Northern District of California — "IT IS SO ORDERED" with signature of Judge William Alsup]*

_____
HON. WILLIAM H. ALSUP
U.S. DISTRICT JUDGE

---

**Consent Decree and [Proposed] Order:**
**Case No. C06-6358 WHA**

— 7 —

s:\jo\cases\b\banchero's\pleadings\banchero's consent decree.doc

# ALLCO ENGINEERING, INC.

36 WOODLAND AVENUE, SUITE A, SAN RAFAEL, CA 94901-5344

CONSULTING ENGINEERS        PHONE (415) 453-6898 • FAX (415) 453-7091 • E-MAIL AEI@COMCAST.NET        DESIGN ENGINEERS

April 18, 2007

Mr. Jim Sarrail
Sarrail, Lynch & Hall, LLP
700 Airport Blvd., Ste. 420
Burlingame, CA 94010

Re:   Banchero's Italian Dinners, Inc.
      20102 Mission Blvd.
      Hayward, CA 94541

## ENGINEERING & CONSTRUCTION EVALUATION

### INTRODUCTION

Allco Engineering, Inc. was retained to inspect the above referenced restaurant for disabled accessibility and to provide a listing of possible barrier removals with costs to implement for the owner and his representatives to review. The owner should review this list to determine if feasible financially.

### CALIFORNIA & UNIFORM BUILDING CODES VS AMERICAN DISABILITY ACT

I.   California Building Code 2001 (CBC) (includes Uniform Building Code (UBC))

   A.   California Building Code 2001 has no requirement to upgrade existing buildings to provide for handicapped accessibility when no alterations, structural repairs, or additions are made to the building.

   B.   Certain maintenance repairs also do not require handicap upgrades per the CBC:

   *Projects which consist only of heating, ventilation, air conditioning, reroofing, electrical work not involving placement of switches and receptacles, cosmetic work that does not affect items regulated from this code, such as painting, equipment not considered to be part of the architecture of the building or area, such as computer terminals, office equipment, etc. are not considered alteration projects for the purposes of accessibility for persons with disabilities and shall not be subject to this code..."(CBC 1134B.2.1, Exception 4)*

Banchero's Italian Dinners, Inc.                                                 Page 2
Engineering and Construction Evaluation

    C.    In the case of alterations, additions or new buildings not meeting the above exceptions, CBC has elaborate specifications for accessibility requirements.

II.    American Disability Act (ADA), revised 1994

    A.    As of 1990, ADA requires that public accommodations make modifications for the sole purpose of removing existing barriers to the disabled, even if no repairs or remodeling is taking place. Public accommodations are required to:

*"remove architectural barriers in existing facilities, including communication barriers that are structural in nature, where such removal is readily achievable, i.e. easily accomplishable and able to be carried out without much difficulty or expense"* (Section 36.304).

The federal register in which these regulations were published also explains that the readily achievable standard *"does not require extensive restructuring or burdensome expense."*

    B.    This register also explains that the standard is a continuing obligation," *Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstance."*

    C.    Per the ADA, this building has an obligation to remove architectural barriers where such removal is readily achievable and to improve its accessibility over time if it is financially able to do so.

## SCOPE & COST FOR READILY ACHIEVABLE BARRIER REMOVAL

### CONSTRUCTION

I.    PARKING

| | | |
|---|---|---:|
| A. | Sign age at entrances to parking lot. Total 3 signs (Figure 21*) | $667.00 |
| B. | The first designated accessible parking space shall be van accessible (Figure 23) | See IC |

ALLCO ENGINEERING, INC., 36 Woodland Avenue, Suite A, San Rafael, CA 94901-5344    (415) 453-6699

Banchero's Italian Dinners, Inc.                                          Page 3
Engineering and Construction Evaluation

    C.    Space #1 - Space closest to entry door – make van accessible      $684.00
        (Figure 23)

    D.    Space #2 - Adjacent to south side of building in center of lot.      $1,560.00
        Install a double (i.e. 2 accessible spaces) (Figure 24-B)

    E.    Space #3 - Space in center of parking lot (Figure 24-B)      Incl in ID

    F.    Space #4 at right side (south side of parking lot) (Similar to      $780.00
        Figure 24-B)

II.    Primary Entrance

    A.    Door

        1.    Slope of front door - Existing slope OK, but reduce      $250.00
            threshold rise to below ½"

        2.    Strike edge clearance - Provide 24" min beyond strike      $0.00
            edge of door. Existing is OK

    B.    Lobby - Provide lower section of counter between 28" to      $1,034.80
        34" high by 36" long (Figure 112 - B)

    C.    Provide waiting area in waiting room 30" wide x 48" deep      $0.00
        (Figure 112-A). This space already exists

III.    SERVICE AREAS

    A.    Main Dining Room (136 seats)

Banchero's Italian Dinners, Inc.                                              Page 4
Engineering and Construction Evaluation

      Make 5% of existing seating capacity accessible (i.e. 7          $0.00
      seats). This already exists. There are more than 7 (5%)
      accessible seats at tables located at the rear and right rear
      corners of the main dining room (i.e. there is a pathway to
      the tables of at least 36" wide, knee space of at least 27"
      high by 30" wide by 19" deep (Figure 6-A).

B.    Second Dining Room (120 seats)

      Make 5% of existing capacity accessible (i.e. 6 seats). This    $0.00
      already exists. There are more than 6 (5%) seats at tables in
      this room (Figure 6-A)

C.    Bar Lounge (70 seats)

    1.    Make 5% of existing capacity accessible (i.e. 4 seats).     $0.00
          This already exists at tables. More tables can be
          brought in if necessary. (Figure 6-A)

    2.    Bar counter is 27" high at top and approximately 4"         $0.00
          thick. The knee space of 27" under the bar counter is
          not achievable without unreasonable expense.
          Accessible tables are already available in the bar
          area.

IV.    Path of Travel to Restrooms from Lobby

    1.    Enlarge door opening to obtain a 32" clear path from lobby   $1,362.00
          into bar. Requires relocating sliding wall partition presently
          in the way and moving it to rear end of lobby.

Banchero's Italian Dinners, Inc.                                              Page 5
Engineering and Construction Evaluation

    2.    Corridor to restrooms from dining area and bar is approximately 39" wide. This should be 44 inches wide to meet accessibility standards for occupancies 10 or more. (For occupancies 9 or less, a width of 36 inches meets accessibility standards). To widen this corridor to meet standards for occupancies 10 or more would require major structural changes to the building and would not be readily achievable.    $0.00

    3.    Door in corridor. Replace door with a pocket door in order to provide a 32" minimum wide clear opening through the doorway.    $2,460.00

V.    Womens' Restroom

Reconstruct bathroom to conform to plaintiff drawing page 11 of 11 dated 2/26/07    $20,652.00

VI.    Mens' Restroom

Reconstruct bathroom and hall to conform to plaintiff drawing page 11 of 11 dated 2/26/07 and add a second urinal by moving sink to the left (north). Also add closet in left rear corner. This requires reducing storage room by 14 inches.    $31,110.00

VII.    Ramps

    A.    Make ramp from second dining room to parking lot accessible    $2,400.00

VIII    General Conditions

    A.    Permits (Allowance) 1 ls @    $1,400.00

Banchero's Italian Dinners, Inc.                                    Page 6
Engineering and Construction Evaluation

|   |   |   |
|---|---|---|
| B. | Agency Coordination and Supervision   40 hrs @ 85.00/hr | $3,400.00 |
| C. | Porta toilet   2 mo @ 130 | $260.00 |
| D. | Utilities (water, electric during construction) | by owner |
| E. | Plans and Specifications | See Engineering |
| F. | Phone | In overhead |

|   |   |
|---|---|
| Subtotal | $68,019.80 |
| 10% overhead | $6,801.98 |
| 10% profit | $6,801.98 |
| Total Construction: | $81,623.76 |

ENGINEERING DESIGN

Plans and Specifications for Permit                                $5,100.00

ALLCO ENGINEERING, INC., 36 Woodland Avenue, Suite A, San Rafael, CA 94901-5344          (415) 453-6699

Banchero's Italian Dinners, Inc.                                      Page 7
Engineering and Construction Evaluation

SUMMARY

    A.    TOTAL CONSTRUCTION COSTS    $81,623.76

    B.    TOTAL ENGINEERING COSTS    $5,100.00

    **GRAND TOTAL**    **$86,723.76**

The above possible scope was provided by Allco Engineering, Inc. Costs were provided by A. Packard Corp., a general contractor.

Please contact me if you have any questions. Thank you for contacting our firm regarding this matter.

Very truly yours,



Charles D. Allen, P.E.
Principal Engineer

Attachments:  Figures*

*All Figures from <u>California Disabled Accessibility Guidebook 2003</u> (CalDAG 2003) by Michael Gibbins

ALLCO ENGINEERING, INC., 36 Woodland Avenue, Suite A, San Rafael, CA  94901-5344                    (415) 453-6699